Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Angela Hajihashemi, OSB #201231
Email: angela@elpnw.com
Jameson E. Gideon, OSB #202871
Email: jameson@elpnw.com
**EMPLOYMENT LAW PROFESSIONALS**
21887 SW Sherwood Blvd., Suite B
POB 1309
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Charles Greulich

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CHARLES GREULICH,<br><br>        Plaintiff,<br>    v.<br><br>CITY OF PORTLAND,<br><br>        Defendant. | Case No. 3:21-cv-01135<br><br>**COMPLAINT**<br><br>**WHISTLEBLOWER RETALIATION 42 USC §2000e-3; DISCRIMINATION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**CLAIM FOR $1,980,000.00** |

Plaintiff, Sergeant Charles "Chuck" Greulich ("Plaintiff"), by and through his attorneys, does hereby state and allege as follows:

## I. INTRODUCTION

1.

This is a civil rights and employment case involving whistleblower retaliation, which resulted in Plaintiff's suffering, lack of promotion, loss of professional reputation, humiliation, economic damages, non-economic damages, emotional distress, and punitive damages. Defendan violated Plaintiff's fundamental rights when they discriminated and retaliated against Plaintiff for his good faith reports of actions that he believed violated local, state, or federal laws, including police bureau and city policies and regulations. Defendant's adverse employment actions include placing Plaintiff on administrative leave, denying him the opportunity to promote and subjecting him to unwarranted ridicule in the form of various and ongoing investigations.

## II. JURISDICTION AND VENUE

2.

This is an action for violations brought under 42 USC §2000e-3. This Court has original jurisdiction over Plaintiff's federal claims under 28 U.S.C. §§1331 and 1334(3) and (4). This Court also has supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. §1367.

3.

Venue in this district is proper under 28 U.S.C. §1391(b)(1) and (2) because Defendant City of Portland is located in this district, and the events or omissions giving rise to Plaintiff's claims occurred within this district.

EMPLOYMENT LAW PROFESSIONALS
PO Box 1309; 21887 SW Sherwood Blvd. Suite B
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

**III.    THE PARTIES**

4.

At all material times herein, Plaintiff was and is a citizen of Oregon. At all material times Plaintiff was employed by the Portland Police Bureau, a department of the City of Portland, as a sworn detective sergeant.

5.

At all material times herein, The City of Portland ("the City"), is a municipality in the State of Oregon. PPB is a division of the City.

6.

At all material times herein, Lieutenant David Abramson ("Abramson") is an employee of the City of Portland acting under color of law.

7.

At all material times herein, Commander David Hendrie ("Hendrie") is an employee of the City of Portland acting under color of law in a leadership position.

8.

At all material times herein, Lieutenant Craig Morgan ("Morgan") is an employee of the City of Portland acting under color of law.

9.

At all material times herein, Lieutenant Jay Bates ("Bates") is an employee of the City of Portland acting under color of law.

10.

At all material times, Jami Resch ("Resch") was an employee of the City of Portland acting under color of law in different leadership positions including, Deputy Chief, Assistant Chief, and Chief of police.

## IV. COMPLIANCE WITH ORS 30.275 – OREGON TORT CLAIMS NOTICE

11.

Plaintiff has complied with the applicable notice requirements under ORS 30.275.

12.

On or about June 2, 2020, Plaintiff, through counsel, provided written notice to regarding violations of Uniformed Services Employment and Reemployment Rights Act ("USERRA") (38 USC 4301-4335; ORS 408.225 *et. seq*) which was acknowledged by the City on June 3, 2020. Plaintiff sent a second tort claim in accordance with ORS 30.275 by letter dated July 17, 2020, detailing violations by the City, and received confirmation of receipt via email on July 27, 2020. On or about May 4, 2021, Plaintiff received a Right to Sue letter from the Bureau of Labor and Industries ("BOLI"), case no. EEEMRE200507-10567 and EEOC case no. 38D-2020-00786C (Exhibit 1).

## V. FACTUAL ALLEGATIONS

13.

The City and PPB have adopted Administrative Rule 11.03: Duty to Report Unlawful or Improper Actions. This rule requires employees to report misconduct in violation of the policies and regulations.

14.

Plaintiff was made aware of misconduct by PPB command staff including Abrahamson, Morgan, and Hendrie. In accordance with PPB policy and contract, Plaintiff reported these instances of misconduct to his employer, the City.

15.

In July of 2018, Abrahamson alleged to Plaintiff that a detective who directly reported to Plaintiff, Detective Lawrence ("Lawrence"), was engaging in inappropriate conduct with a PPB crime analyst.

16.

At the time of this allegation, Plaintiff was acting in the capacity of a lieutenant.

17.

PPB Policy 2.2 requires a supervisor to report allegations if truthful. Plaintiff investigated the claim made by Abrahamson and discovered it was false and misrepresentative of conversations with the crime analyst and their supervisor. Plaintiff reported the false allegations to Resch, who at the time was Assistant Chief.

18.

Plaintiff and Lawrence are members of the same union, and therefore conversations between them are concerted activity and are privileged and protected.

19.

On August 2, 2018, Lawrence filed a complaint against Abrahamson and Hendrie for retaliation, discrimination, and untruthfulness.

PAGE 5 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 21887 SW Sherwood Blvd. Suite B
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

20.

On September 27, 2018, Abrahamson issued an unsatisfactory performance evaluation to Plaintiff. On faith and information, Abrahamson was aware of the conversations between Plaintiff and Lawrence regarding his untruthful allegation.

21.

At all times relevant, Morgan is the union representative of the same union to which Abrahamson is a member. Morgan is a personal friend of Abrahamson. On November 15, 2018, Morgan used information from confidential Professional Standards Division ("P.S.D.") investigations he sat in on while representing members of the union. He disseminated information gained in these meetings to Abrahamson regarding the complaints made by Plaintiff and Lawrence against him.

22.

On information and belief, Morgan, in his capacity as an employee of P.S.D., accessed confidential P.S.D. files about Plaintiff. Morgan and Bates used their positions with P.S.D. as a means of gaining information on complainants to chill allegations of misconduct made against them.

23.

On January 5, 2019, Plaintiff informed the investigator that Abrahamson improperly completed his performance evaluation as retaliation for the complaint he filed against Abrahamson. Plaintiff reported that Hendrie was attempting to intimidate him not to pursue the complaint against Abrahamson. Plaintiff also told the investigator that he was investigating a possible 2.2 violation when he spoke to Lawrence about the conduct of Abrahamson.

PAGE 6 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 21887 SW Sherwood Blvd. Suite B
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

24.

PPB and the City failed to investigate Abrahamson for retaliation for the substandard evaluation given after Plaintiff investigated him. PPB and the City failed to investigate Morgan for retaliating against Plaintiff by filing pretextual complaints against Plaintiff solely for reporting misconduct by Abrahamson. PPB and the City further failed to investigate Resch for her retaliation against Plaintiff in issuing pretextual complaints for his reports of misconduct against Abrahamson, Morgan, and Hendrie.

25.

On January 24, 2019, Plaintiff was charged with three counts of misconduct for reporting the conduct of Abrahamson, and Hendrie. The complaint was initiated by Morgan in his capacity as union representative. The investigation was completed after fourteen months. One charge out of the three was sustained, which was "for disobeying an order not to disclose information".

26.

On May 4, 2019, Plaintiff was transferred out of the Central Precinct by Resch as a result of the alleged misconduct. Plaintiff was transferred months before any ruling of wrongdoing.

27.

On August 15, 2019, Plaintiff received a Memorandum of Proposed Discipline from Defendant.

28.

On November 21, 2019, PPB Internal Affairs cleared as unfounded Plaintiff's complaints about retaliation, discrimination for filing ethical claims with PPB against command staff.

PAGE 7 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 21887 SW Sherwood Blvd. Suite B
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

29.

On December 11, 2019, PPB and the City issued Plaintiff four days of unpaid disciplinary leave in retaliation the ethical complaints Plaintiff filed against Abrahamson, Morgan, and Hendrie.

30.

Plaintiff has endured emotional distress and permanent damage to his reputation and career due to his investigations.

31.

To date, Plaintiff has been subjected to multiple investigations since being placed on leave.

32.

Plaintiff is a veteran, having served in the Marine Corps, and being deployed to Iraq before being honorably discharged.

33.

Plaintiff continues to incur damages due to the retaliation, defamation, and harassment. Plaintiff's career has been irreparably harmed by the defendant's conduct based on loss of reputation, earnings, and ability to promote.

**FIRST CLAIM FOR RELIEF**
**WHISTLBLOWER RETALIATION**
**42 U.S.C. §2000e-3, ORS § 659A.199**

34.

Plaintiff incorporates paragraphs 1-33 herein.

35.

Plaintiff submitted complaints against three separate command staff: Abrahamson Morgan, and Hendrie.

36.

In July 2018, Plaintiff was informed by Abrahamson that a detective, Lawrence, was engaging in inappropriate conduct towards a Crime Analyst. Because the policy required Plaintiff to report misconduct if true, Plaintiff investigated Abrahamson's claims in his capacity as a lieutenant. Plaintiff engaged in protected communications with Lawrence as concerted union activity.

37.

Plaintiff discovered that Abrahamson deliberately misrepresented conversations he had with the Crime Analyst and her supervisor.

38.

Plaintiff followed procedure and reported Abrahamson's conduct to Resch.

39.

In good faith, Plaintiff reported each officer's misconduct as required by PPB Policies.

40.

On September 27, 2018, Abrahamson retaliated by issuing an unsatisfactory performance evaluation to Plaintiff, after Plaintiff had investigated the claims and Lawrence had filed a complaint against Abrahamson and Hendrie.

41.

Additionally, Abrahamson later alleged that he instructed Plaintiff to not tell anyone about his accusations against Lawrence, however Plaintiff maintains no such instructions were given, and even if they were given, they were not binding.

42.

Plaintiff was retaliated against by Morgan, who leveraged the knowledge he gained as part of the union to file false reports against Plaintiff.

43.

On January 24, 2019, Plaintiff was further retaliated against when PPB charged him with three counts of misconduct in retaliation of his reports of misconduct.

44.

On May 4, 2019, Plaintiff was once again retaliated against by Resch, Hendrie, and Abrahamson, when he is transferred for the alleged misconduct.

45.

Plaintiff was transferred before any ruling of wrongdoing, and without regard to the protections against retaliation afforded by the whistleblowing claims of misconduct.

46.

Months later, on August 15, 2019, Defendant issued a Memorandum of Proposed Discipline as pretextual retaliation for Plaintiff's reports.

47.

On November 21, 2019, Plaintiff was cleared of wrongdoing.

PAGE 10 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 21887 SW Sherwood Blvd. Suite B
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

48.

On December 11, 2019, Defendant disciplined Plaintiff with four days of unpaid disciplinary leave.

49.

Plaintiff was retaliated against by Defendant when they charged him with dishonesty, transferred him, and placed him on unpaid leave.

50.

Despite being aware Plaintiff had made a protected disclosure, Defendant violated whistleblower protections when they chose to retaliate against him and charged him for making the protected statements.

51.

Plaintiff has suffered losses from the unpaid time off imposed by Defendant in retaliation of his whistleblower claims.

52.

In addition to the unpaid time off imposed by Defendant, Plaintiff has suffered career damages due to his transfer out of the central precinct, a loss to his professional reputation and promotability.

53.

Additionally, Plaintiff's reputation has been harmed by the investigation that Defendant imposed on him, which has caused additional long-term career damage.

PAGE 11 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 21887 SW Sherwood Blvd. Suite B
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

54.

The retaliation by Defendant has resulted in significant emotional distress, as Plaintiff's career and reputation have been harmed.

## SECOND CLAIM FOR RELIEF
## DISCRIMINATION
## ORS §§659A.199, 659A.203, 659A.230

55.

Plaintiff incorporates paragraphs 34-54 herein.

56.

Plaintiff engaged in protected activity when he reported the violations of policy, procedure and law by employees Abrahamson, Hendrie, Morgan, Bates, and Resch.

57.

Thereafter, Plaintiff was subjected to pretextual investigations which incorporated elements of his protected activity, and subjected to suspension, transfer, and loss of promotional opportunities.

58.

On information and belief, Plaintiff was subjected to these adverse activities because he raised complaints for misconduct against individuals named in paragraph 56.

59.

Prior to making these complaints against these individuals his performance record and evaluations were above average.

PAGE 12 – **COMPLAINT**

**EMPLOYMENT LAW PROFESSIONALS**
PO Box 1309; 21887 SW Sherwood Blvd. Suite B
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

60.

Plaintiff's reputation as law enforcement officer has been irreparably harmed.

61.

Plaintiff has been subjected to humiliation, embarrassment, and transferred from a prominent position in Central Precinct to other assignments less notable and his professional representation in an amount according to proof but no less than $1,000,000.00.

62.

Plaintiff has suffered emotional distress in the form of anxiety, loss of sleep, and depression and is entitled to recover an amount according to proof of no less than $150,000.

63.

Plaintiff has suffered a financial loss in the form of lost wages while pretextually suspended, loss of overtime opportunities, and loss of promotion ability and is entitled to recover an amount according to proof but no less than $30,000.

64.

Plaintiff is entitled to recover reasonable attorney fees and costs as well prejudgment and post judgment interest (ORS 659A.855).

WHEREAS Plaintiff prays for the following relief:

**First Claim for Relief:**

1. Lost pay for Whistleblower retaliation according to proof in and amount no less than $30,000.00;

2. Emotional distress damages in an amount according to proof but no less than $150,000.00;

3. Damages for loss to professional reputation in an amount according to proof but no less than $1,000,000.00;

4. Punitive damages in an amount according to proof but no less than $300,000;

5. Attorney fees and costs of suit according to proof; and

6. Any other remedies fashioned by the Court.

**Second Claim for Relief:**

1. Lost pay for Whistleblower retaliation according to proof in and amount no less than $30,000.00;

2. Damages for loss to professional reputation in an amount according to proof but no less than $1,000,000.00;

3. Emotional distress damages according to proof but no less than $150,000;

4. Punitive damages in an amount according to proof but no less than $500,000;

5. Attorney fees and costs of suit according to proof; and

6. Any other remedies fashioned by the Court.

Plaintiff hereby demands trial by jury on all issues so triable.

DATED this 2nd day of August 2021.

Respectfully submitted,

**EMPLOYMENT LAW PROFESSIONALS**

By: */s Randy J. Harvey*
Randy J. Harvey, OSB #116714
Email: randy@elpnw.com
Andrew T. Mittendorf, OSB #205394
Email: andrew@elpnw.com
Angela Hajihashemi, OSB #201231
Email: angela@elpnw.com
Jameson E. Gideon, OSB #202871

Email: jameson@elpnw.com

**EMPLOYMENT LAW PROFESSIONALS**
21887 SW Sherwood Blvd., Suite B
POB 1309
Sherwood, Oregon 97140
Telephone: 503-822-5340
Facsimile: 503-433-1404

Of Attorneys for Plaintiff Charles Greulich

PAGE 15 – **COMPLAINT**

EMPLOYMENT LAW PROFESSIONALS
PO Box 1309; 21887 SW Sherwood Blvd. Suite B
Sherwood, Oregon 97140
(503) 822-5340 – Fax (503) 433-1404

RECEIVED MAY 10 2021




**BUREAU OF OREGON LABOR & INDUSTRIES**

**VAL HOYLE**
Labor Commissioner

May 4, 2021

CHARLES (CHUCK) GREULICH
C/O EMPLOYMENT LAW PROFESSIONALS
21887 SW SHERWOOD BLVD #B
SHERWOOD, OR 97140

RE:   Complainant:   Charles (Chuck) Greulich
      Respondent:    City Of Portland Police Bureau
      Case #:        EEEMRE200507-10567
      EEOC #:        38D-2020-00786C

This letter is to inform you that the above-captioned complaint filed with the Civil Rights Division has been dismissed because the Division did not find sufficient evidence to continue our investigation. This is the Bureau's final determination. If you wish to pursue your claim(s) further, you may wish to consult an attorney regarding your right to file a civil suit.

NOTICE OF RIGHT TO FILE A CIVIL SUIT
This is your 90-day notice letter. Although this case has been closed, pursuant to ORS 659A.880, you, the Complainant, may file a civil action against the Respondent under ORS 659A.885 within 90 days after the date of mailing of this 90-day notice. Any right to bring a civil action against the Respondent under ORS 659A.885 will be lost if the civil action is not commenced within 90 days after the date of the mailing of this 90-day notice. *Note: If the complaint was a public accommodations case filed under ORS 659A.403 or 659A.406, the right to file suit in state circuit court expires <u>one year from the date of the alleged violation.</u>*

Further, if the Respondent is a public entity, to preserve the right to file a suit in state circuit court, the Complainant must also comply with the Oregon Tort Claims Act (ORS 30.260 to 30.300). Complainants interested in protecting these rights, should consult an attorney immediately regarding the requirements for filing. The Oregon State Bar referral number for Portland is 503-620-0222 or 800-452-7636.

Requests for copies or viewing this file will be processed as explained on the enclosed double-sided Request for Public Records form.

Sincerely,
CIVIL RIGHTS DIVISION
Administrative Support Unit

jl

**Date of Mailing**: May 4, 2021

Enclosure(s) Request for Public Records
cc:     Randy J Harvey, Complainant's Attorney






Portland • Salem • Eugene
Bend • Medford

oregon.gov/boli
mailb@boli.state.or.us

(971) 673-0761
Ore. Relay TTY: 711

Exhibit 1
Page 1 of 1